# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
JOEL RANCE COOPER,            *
as Personal Representative      *
of the Estate of CYNTHIA COOPER, *
                              *      No. 16-1476V
           Petitioner,      *      Special Master Christian J. Moran
                              *
v.                                 *
                              *      Filed: October 17, 2017
SECRETARY OF HEALTH      *
AND HUMAN SERVICES,      *      Ruling on entitlement; DTaP vaccine;
                              *      Influenza ("flu") vaccine;
           Respondent.      *      Guillain-Barre syndrome ("GBS")
* * * * * * * * * * * * * * * * * * * *

Amber D. Wilson, Maglio Christopher and Toale, PA, Washington, DC, for
Petitioner;
Voris Johnson, United States Department of Justice, Washington, DC, for
Respondent.

## UNPUBLISHED RULING FINDING ENTITLEMENT[1]

On November 8, 2016, Cynthia Cooper filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 et seq. (2006). Ms. Cooper alleges that she suffered Guillain-Barre syndrome ("GBS") as a result of a DTaP vaccine administered on January 3, 2015, and an influenza vaccine administered on January 5, 2015. Following Ms. Cooper's passing on May 13, 2017, her personal representative, Joel R. Cooper, was appointed and continued to pursue her vaccine claim. Order, issued July 11, 2017.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this ruling on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

In the Rule 4(c) report, respondent stated that the Division of Vaccine Injury Compensation, Department of Health and Human Services, has reviewed the facts of this case and have concluded that "the evidence shows that [Ms. Cooper] suffered GBS following the administration of a seasonal flu vaccine, and that the onset occurred within the time period specified in the [newly revised Vaccine Injury] Table." Resp't's Rep. at 5-6. As a result, "respondent will not contest entitlement to compensation in this case." Id. at 6.

The undersigned notes that the Rule 4(c) report does not address any causal link between the DTaP vaccine and Ms. Cooper's GBS. Further, respondent states that Ms. Cooper's death was not related to her GBS. Id. at 1 n.1.

Special masters may determine whether a petitioner is entitled to compensation based upon the record without holding an evidentiary hearing. 42 U.S.C. § 300aa-13; Vaccine Rule 8(d). In this case, a hearing is not required. Based upon a review of the record as a whole, the undersigned finds that **petitioner has established that he is entitled to compensation for Ms. Cooper's GBS.**

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master